IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GUO-JING HU,

    Plaintiff,

    v.

MICHIKO CHU, TE-YUNG CHU, DANIEL CHU, CASEY GAMES CORP., WELLLIVING CORP., MVP ARENA, MVP INTERACTIVE SPORTS, et. al.,

    Defendants.

No. C 13-1649 RS

**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION FOR ATTORNEYS FEES**

## I. BACKGROUND

Plaintiff Guo-Jing Hu (Hu) advances state common law claims for relief related to an investment he made in defendant Casey Games Corp. (Casey). He moves to remand this action to California Superior Court for the County of Santa Clara for lack of subject matter jurisdiction and also requests attorneys fees related to bringing this motion. For the reasons discussed below, the case is remanded to the state court and the request for attorneys fees is denied. These motions are appropriate for adjudication without oral argument, and are submitted accordingly pursuant to Civil Local Rule 7-1(b).

Hu is a Taiwanese national who currently resides in Taiwan. While he was attending San Francisco State University in California on a student visa, he was the roommate of defendant Daniel

Chu. Hu had long known Daniel's family. He invested in Casey, a company owned and run by Daniel and his parents, defendants Te-Yung and Michiko Chu, with the goal of obtaining an E-2 investor visa so that he could remain in the United States upon the completion of his studies.[1] Compl. ¶¶14, 15, 18. Casey's business plan was to import from Japan batting cages, batting and pitching machines, and specialized LED screens that mimic pitching motions, and patent a set-up of these assembled batting cages. Compl. at ¶16. Hu invested $160,000 to purchase fifteen shares of Casey, which he believed represented a 50% interest in the company. Compl. ¶¶17, 21. Upon learning that he could not secure an E-2 visa, Hu demanded a return of his money, but did not receive it. Compl. ¶22.

He then filed this action in state court, claiming that certain defendants breached a contract to return the funds he invested to him, defrauded him into investing in Casey, and breached their fiduciary duties to him. Compl. ¶6-12. He seeks an accounting and a constructive trust, among other remedies. Compl. at 12-13. All defendants are concededly citizens of California and were properly served on March 15, 2013. Opp. at 3; Dkt. 6, Ex. 2. Defendants filed an amended notice of removal on the basis of both federal question and diversity jurisdiction on April 19, 2013. Dkt. 6.

## II.   DISCUSSION

Federal courts exercise limited jurisdiction. A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. *See* 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *See id.* at 566-67.

---

[1] Both parties' requests for judicial notice regarding Casey's corporate status are granted, as the information "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Federal Rule of Evidence 201(b)(2).

### A. Federal Question Jurisdiction

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002). A federal question exists only when it is presented by what is or should have been alleged in the complaint. *See id.* at 830-31. It is present when the plaintiff has alleged a claim for relief under federal law, or a claim for relief presenting a substantial federal question such that "plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983). Furthermore, under the doctrine of complete preemption, in a few limited circumstances it has been found that a federal claim for relief completely preempts a state claim and therefore "any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law" and is recharacterized as a federal claim for removal jurisdiction purposes. *Id.* at 24.

Although all of Hu's claims arise under state common law, defendants argue that they are completely preempted by federal immigration law and should be recharacterized as federal claims. It is well established that "[p]ower to regulate immigration is unquestionably exclusively a federal power." *DeCanas v. Bica*, 424 U.S. 351, 354 (1976), *superseded by statute*, Immigration Reform and Control Act, 100 Stat. 3359, *as recognized in Chamber of Commerce of U.S. v. Whiting*, 131 S. Ct. 1968 (2011). Defendants contend that by passing the Immigration Reform Control Act (IRCA), which, among other things, made it unlawful for American employers to hire undocumented workers, Congress completely preempted Hu's claims because they implicate his attempts to obtain an E-2 investor visa. *See* 8 U.S.C. 1324a(h)(2) ("The provisions of this section preempt any State or local law imposing civil or criminal sanctions . . . upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens."). Federal regulations allow certain aliens to qualify for

No. C 13-1649 -RS

ORDER

3

E-2 investor visas if they "have invested . . . a substantial amount of capital in a bona fide enterprise in the United States." 8 C.F.R. § 214.2(e)(2)(i). An investment is defined as the "placing of capital . . . at risk in the general commercial sense with the objective of generating a profit." 8 C.F.R. § 214.2(e)(12). Furthermore, "[t]he capital must be subject to partial or total loss if investment fortunes reverse. . . . [and] must be irrevocably committed to the enterprise." *Id.*

While defendants appear to misunderstand and conflate various doctrines of federal preemption and supremacy, their argument in essence is that because the federal government has the exclusive power to regulate immigration, including controlling all aspects of obtaining E-2 investor visas, and because Hu's claims involve an E-2 visa-related investment, this case is removable as "precluded and preempted" by the federal regulations. Opp. at 6. This argument overlooks the fact that Hu's claims could not be refashioned as arising under federal immigration law. "Even when federal law preempts state law, a state law claim may not be removed unless federal law also supplants it with a federal claim." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987). "If the plaintiff could not have asserted a federal claim based on the allegations of [his] state law complaint, []he could not have brought the case originally in federal court as required for removal jurisdiction under section 1441." *Id.*

Defendants have not identified any federal claim for relief that would supplant the state claims Hu has advanced. *Compare Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 261-62 (8th Cir. 1996) (holding a locomotive engineer's state claim against his railroad employer for conversion, due to its suspension of his license, was completely preempted by the Federal Railroad Safety Act (FRSA), which enabled regulations detailing a scheme for resolving such licensing disputes, as the conversion claim could be supplanted by a federal administrative claim to the Locomotive Engineer Review Board under the FRSA). Essentially, defendants are arguing that Hu cannot sue them to get his money back because the federal E-2 visa regulations required his investment in Casey to be irrevocable and subject to loss. This contention, however, would be "merely . . . a defense" to his contract and fraud claims against them, rather than a basis for removal. *Young*, 830 F.2d at 997. In short, passing reference to an immigration issue in Hu's complaint does not create federal question jurisdiction.

### B. Diversity Jurisdiction

District courts also have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Under the forum defendant rule, "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

As discussed above, this action is not removable on the basis of federal question jurisdiction. Therefore, the only remaining removal basis would be diversity between plaintiff Hu, a Taiwanese national, and defendants, all citizens of California. In such situations, the forum defendant rule applies, and an action may not be removed to this district if any properly served defendant is a citizen of California. As all defendants were properly served prior to the filing of the notice of removal, and all are citizens of California, the state in which this action was brought, this case is not removable on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b).

### C. Attorneys Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Plaintiff has requested he be awarded of $4,720 in attorney's fees, representing the cost of sixteen hours of work in drafting the motion to remand and reply brief. Mot. at 12, Reply at 12. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Plaintiff states that after the initial notice of removal based only on diversity jurisdiction was filed, plaintiff's counsel informed defendants' counsel in writing that removal was improper due to

the forum defendant rule. Rather than withdrawing its notice, defendants filed an amended notice of removal adding federal question jurisdiction as a ground for removal. Plaintiff argues that defendant had no objectively reasonable basis for removing on the basis of diversity or federal question jurisdiction.

Defendants contend that it was objectively reasonable to maintain diversity jurisdiction as a basis for removal in their amended notice of removal because the forum defendant rule is triggered only when an action is "removable *solely* on the basis of" diversity jurisdiction, and here, they argued the action was removable on multiple grounds.[2] 28 U.S.C. § 1441(b) (emphasis added). Although this is a novel argument that would render diversity jurisdiction superfluous, it is not objectively unreasonable. Multiple bases for jurisdiction may exist simultaneously. Neither was defendant's argument that federal question jurisdiction existed due to the immigration issues raised in this case objectively unreasonable. The Supreme Court has repeatedly affirmed "[t]he Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens" in preempting state laws. *Arizona v. United States*, 132 S. Ct. 2492, 2499 (2012). Questions of preemption are complex. Defendants may ultimately prevail on a preemption defense related to the E-2 visa regulations. Due to the well-pleaded complaint rule, "there is no question that defendants' arguments were losers," but that does not mean they lacked an objectively reasonable basis for making them. *Dollar Tree Stores*, 518 F.3d at 1065.

### III. CONCLUSION

This Court lacks removal jurisdiction over this case, and it is remanded to the Superior Court of California for the County of Santa Clara. Plaintiff's request for attorneys fees is denied.

IT IS SO ORDERED.

Dated: 6/12/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff objects that the Declaration of Ray K. Shahani in Support of Opposition to Remand is based on hearsay in violation of Rule 801(c) of the Federal Rules of Evidence. *See* Reply at 3; Dkt. 26-1. As the Court has not relied on any of the challenged portions of the declaration in reaching its decision, these objections are overruled as moot.